**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4237
_____

MD RAZAUL KARIM,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-120-170 )
Immigration Judge:  Honorable Alberto J. Riefkohl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2012
Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 06, 2012)
_____

OPINION
_____

PER CURIAM

        MD Razaul Karim, a citizen of Bangladesh, entered the United States in May 1999

as a visitor.  In October 2009, he was charged as removable for being in the United States

in violation of the law.  On February 18, 2011, an IJ ordered Karim removed in absentia

1

after he and his attorney missed a hearing.  He filed a motion to reopen and rescind the order which the government opposed.  The IJ denied the motion.   On appeal, the BIA agreed that Karim had not shown exceptional circumstances and dismissed the appeal. Karim, now proceeding pro se, filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252.  Our review of the in absentia removal order is limited to the validity of the notice, the reasons Karim did not attend the hearing, and whether he is removable.  8 U.S.C. § 1229a(b)(5)(D).  Before the BIA, Karim did not challenge the validity of the notice to appear or his removability.  Thus, the only issue before us is why Karim did not attend the hearing.

A removal order entered in absentia may be rescinded by filing a motion to reopen within 180 days if the alien demonstrates that he failed to appear because of exceptional circumstances.  8 U.S.C. § 1229a(b)(5)(C)(i).  The term "exceptional circumstances" refers to "exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."  8 U.S.C. § 1229a(e)(1).  We review the denial of a motion to reopen a removal order entered in absentia for an abuse of discretion.  Cabrera-Perez v. Gonzales, 456 F.3d 109, 115 (3d Cir. 2006).

Karim states that he was at the courthouse on the morning of his hearing but did not attend because his counsel did not show up due to illness.  He explains that he was paralyzed with fear and did not know whether he could attend his hearing without his

2

attorney. He asserts that he has limited English language skills and believed that aliens who appear without counsel lose their cases.

The IJ noted that Karim could have come to the courtroom on his own and the hearing could have been adjourned. The BIA agreed that he had not shown exceptional circumstances. This was not an abuse of discretion. There were no exceptional circumstances beyond Karim's control that kept him from attending his hearing. While Karim claims that there was no Bengali interpreter in the court, it is not clear how he would know that if he did not go to the courtroom. While we do not conclude that the denial of the motion to reopen was an abuse of discretion, we are disturbed by the conduct of Karim's former attorney.[1]

Given counsel's unacceptable conduct, Karim may wish to consider filing a motion to reopen based on ineffective assistance of counsel, complying with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).[2] We note that

---

[1] The motion to reopen was filed on Karim's behalf by the same attorney who had missed the hearing. Counsel submitted an unsworn letter from his doctor stating that counsel had called him on the morning of February 18, 2011, complaining of slight dizziness. The doctor advised him to take water pills and rest. It was unacceptable for counsel to fail to notify the Immigration Court or his client that he would be unable to make it to the hearing. His condition of "slight dizziness" did not require any medical treatment beyond water pills and rest. Counsel was physically able to call his doctor's office. Thus, he should have been able to call the Immigration Court and his client. Moreover, it is not clear why counsel waited a month before filing the motion to reopen. Counsel did not admit to any ineffectiveness in the motion to reopen. This attorney also represented Karim before the BIA.

[2] The BIA noted that Karim had not raised a claim of ineffective assistance of counsel as a basis for exceptional circumstances. It is not clear whether the BIA realized that Karim was still represented by the same counsel who had missed the hearing.

the BIA recently clarified that it does not consider an alien's leaving the country under a grant of advance parole as a "departure" triggering inadmissibility under 8 U.S.C. § 1182(a)(9)(B)(i)(II). See Matter of Arrabally and Yerrabelly, 25 I. & N. Dec. 771 (BIA 2012). Karim's travels under a grant of advanced parole were the basis for the denial of his application to adjust his status. The denial of his application led to his being placed in removal proceedings. Given that this change in law appears favorable to Karim and may affect his removability, we strongly encourage the Government to join in any motion to reopen.

For the reasons above, we will deny the petition for review.